1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DARRIN KEITH BROWN, | 1:14-cv-00899-SKO (HC) |
|---|---|
| Petitioner, | |
| v. | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

   Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

   The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

   In this case, the petitioner is challenging a conviction from San Bernardino County, which is in the Central District of California. Therefore, the petition should have been filed in the United States District Court for the Central District of California. In the interest of justice, a

1

1 federal court may transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. §

2 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

3     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United

4 States District Court for the Central District of California.
IT IS SO ORDERED.

5

6     Dated:   **June 15, 2014**              **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

2